```
                                    ___ FILED        ___ RECEIVED
                                    ___ ENTERED      ___ SERVED ON
                                              COUNSEL/PARTIES OF RECORD

                                         MAY 1 1 2012

                                       CLERK US DISTRICT COURT
                                        DISTRICT OF NEVADA
                                    BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TINA M. CLINE, | ) |
| Plaintiff, | ) |
| v. | ) 3:11-CV-790-RCJ-VPC |
| AMERICAN HOME MORTGAGE SERVICING, INC., | ) **ORDER** |
| Defendant. | ) |

Currently before the Court is Plaintiff's Motion to Remand (#3).

## BACKGROUND

In October 2011, Defendant American Home Mortgage Servicing, Inc. ("AHMSI") filed a petition for removal based on diversity jurisdiction and attached Plaintiff Tina M. Cline's complaint that had been filed in the Second Judicial District. (Amended Pet. for Removal (#2) at 3; Compl. (#1-1) at 4-12). In the complaint, Plaintiff sued AHMSI and sought "declaratory judgment to quiet title against" the named defendant. (Compl. (#1-1) at 4).

The complaint alleged the following. On April 28, 2006, Plaintiff executed a note secured by a deed of trust on a piece of real property located in Washoe County. (*Id.* at 4-5). Plaintiff made continuous payments on her loan. (*Id.* at 5). At some point in time, AHMSI made interest rate adjustments to Plaintiff's loan and failed to notify Plaintiff pursuant to the terms in the deed of trust. (*Id.*). In April 2011, Plaintiff experienced a temporary financial hardship and did not make her regularly scheduled payment on April 1, 2011. (*Id.* at 6). Plaintiff made her payment on May 4, 2011, and made additional payments on May 26, 2011 and June 1, 2011. (*Id.*). AHMSI rejected Plaintiff's payments. (*Id.*). If AHMSI had accepted

her payments she would have been current on her loan obligations as of June 1, 2011, except for the fees and charges related to her late payments in April and May. (*Id.*). Plaintiff contacted AHMSI who informed Plaintiff that she would have to pay $15,000 to bring her loan current. (*Id.*). Despite her requests, AHMSI refused to provide a breakdown of the charges or accounting and refused to accept any payment less than $15,000. (*Id.*).

The complaint alleged that on April 22, 2011, AHMSI caused a notice of default to be prepared and filed. (*Id.*). Plaintiff alleged that the notice of default did not comply with NRS § 107.080(2)(a)(2), (3) because Plaintiff did not receive any notification of the notice of default. (*Id.* at 7). On September 14, 2011, AHMSI caused a notice of trustee's sale to be recorded. (*Id.*). Plaintiff alleged that the notice of trustee's sale did not comply with NRS § 107.080(4)(a)-(c) because she did not receive notification of the trustee's sale. (*Id.*). Plaintiff alleged that AHMSI did not comply with the notice requirements of NRS § 107.080(4)(d). (*Id.* at 8). Plaintiff alleged that the notice of default and the notice of trustee's sale were invalid because they were recorded without notice to her. (*Id.*).

Plaintiff alleged one cause of action for declaratory judgment. (*Id.* at 9). Specifically, she sought declaratory judgment that: (1) the April 22, 2011 notice of default was void *ab initio*; (2) the September 14, 2011 notice of trustee's sale was void *ab initio*; (3) AHMSI could not refuse to accept her payments; and (4) AHMSI had to disgorge the late fees and charges it had collected when it failed to give her proper notice of the increase in her payments. (*Id.*). The Court notes that there have been no allegations that the foreclosure sale has occurred.

## DISCUSSION

Plaintiff filed a motion to remand and asserts that the amount in dispute is approximately $15,000. (Mot. to Remand (#3) at 4). Plaintiff argues that this is not a foreclosure avoidance suit. (*Id.* at 5). Instead, Plaintiff contends that the dispute is over the demand for fees and charges in the amount of $15,000. (*Id.*).

In response, AHMSI argues that Plaintiff's complaint challenges the terms of the deed of trust and attempts to avoid the consequences set forth in the deed of trust. (Opp'n to Mot. to Remand (#7) 2, 5). AHMSI states that the deed of trust at issue is for $105,000 and

represents the declaratory relief sought. (*Id.* at 6).

In reply, Plaintiff argues that she is only disputing the foreclosure fees and costs and property inspections and valuations. (Reply to Mot. to Remand (#9) at 3).

Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the lawsuit is between citizens of different States. 28 U.S.C. § 1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

In this case, the Court finds that the object of the litigation is the $15,000 demand for fees and charges. The Court finds that Plaintiff must seek to void the notice of default and notice of trustee's sale in order to challenge the fees at hand. The Court notes that Plaintiff is not disputing the validity or the amount listed in the deed of trust. As such, the Court finds that it lacks jurisdiction to hear this case because there is neither diversity nor federal court jurisdiction. Accordingly, the Court grants Plaintiff's motion to remand (#3).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Remand (#3) is GRANTED. The Clerk of the Court shall remand this case back to state court.

DATED: This 11th day of May, 2012.

_____
United States District Judge